IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WAYNE ELMORE,

    Plaintiff,                        No. CIV S-04-2657 GEB PAN P

    vs.

TOM L. CAREY, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights under the Eighth Amendment have been violated by deliberate indifference to his serious medical needs. This action is proceeding against twelve defendants named in plaintiff's first amended complaint, filed October 14, 2005, including Tom Carey, the former Warden of California State Prison-Solano (CSP-Solano). Plaintiff seeks money damages.

        On June 20, 2006, plaintiff filed a letter and another amended complaint. In the letter, plaintiff states that "one of the Defendants have [sic] changed." Neither of these documents were served on defendants. Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant provisions of

Fed. R. Civ. P. 5.  See Local Rule 5-135(b).  Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant.  Fed. R. Civ. P. 5(b)(1).  Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record.  See Fed. R. Civ. P. 5(b)(2)(B).  Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed.  See Local Rule 5-135(b) and (c).

In his letter, plaintiff states that Tom Carey is no longer the Warden at CSP-Solano and that D.K. Sisto is now the Warden.  In his letter, plaintiff asks the Clerk of the Court to "send a copy" of the amended complaint to Warden Sisto.  The amended complaint filed with the letter refers to both Tom Carey and D.K. Sisto as defendants.

It is unclear whether plaintiff is seeking to add Warden Sisto as a defendant, or to substitute Warden Sisto in place of Tom Carey.  Moreover, the charging allegations in the amended complaint are vague and conclusory as to the level of Warden Sisto's personal involvement in the events complained of, if at all.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Moreover, supervisory personnel are generally not liable under § 1983 for the
2 actions of their employees under a theory of respondeat superior and, therefore, when a named
3 defendant holds a supervisorial position, the causal link between him and the claimed
4 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
5 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
6 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
7 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
8 Cir. 1982).

9    For all of the foregoing reasons, the court will not at this time order service of
10 process on Warden Sisto.

11    In accordance with the above, IT IS HEREBY ORDERED that the letter and
12 amended complaint filed by plaintiff on June 20, 2006 shall be disregarded, and the court will
13 take no further action on them.

14 DATED: August 22, 2006.

UNITED STATES MAGISTRATE JUDGE

12
elmo2657.o